UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PATRICK BRADLEY HAZELWOOD | ) | |
| SANDI JO HAZELWOOD | ) | CASE NO. 12-40303 |
| | ) | |
| DEBTORS | ) | CHAPTER 13 |
| | ) | |
| PATRICK BRADLEY HAZELWOOD | ) | |
| SANDI JO HAZELWOOD | ) | |
| | ) | |
| PLAINTIFFS | ) | A.P. NO. 13-4031 |
| VS. | ) | |
| | ) | |
| FIFTH THIRD BANK | ) | |
| | ) | |
| DEFENDANT | ) | |

**MEMORANDUM ON MOTIONS FOR SUMMARY JUDGMENT**

This adversary proceeding was commenced by the Chapter 13 Debtors to avoid an allegedly unperfected lien in real property located in Henderson County, Kentucky. The matters under advisement are the cross motions for partial summary judgment filed by Plaintiffs/ Debtors Patrick Bradley Hazelwood and Sandi Jo Hazelwood ("Plaintiffs"), and Defendant Fifth Third Bank, successor in interest to Fifth Third Bank (Southern Indiana) and Fifth Third Mortgage Company ("Fifth Third"). In addition to the cross motions for summary judgment and supporting exhibits, the parties have filed Stipulated Facts. Upon consideration of the summary judgment motions, the supporting documentation, and the Stipulated Facts, the Court holds that summary judgment should be granted in favor of the Plaintiffs.

**I.     STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core

proceeding under 28 U.S.C. § 157(b)(2)(K). Venue of this adversary proceeding in this Court is proper under 28 U.S.C. §1409(a), as this proceeding arises in and relates to the Plaintiffs' Chapter 13 case pending in this District. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) and there is no objection to venue or jurisdiction over the parties.

## II.    SUMMARY JUDGMENT STANDARD

The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate when the record taken as a whole, and viewed in the light most favorable to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank v. Cities Service Co., 391 U.S. 253, 289 (1968)). The party seeking summary judgment bears the burden initially of showing that there is no genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986). The moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file. Id. When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment should be granted. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805 (1999) (quoting Celotex, 477 U.S. at 322).

Once the moving party has made a proper motion for summary judgment, the nonmoving party may not rely upon mere allegations to rebut the motion, but instead must set forth specific facts demonstrating that a genuine issue of material fact exists for trial. Fed. R. Bankr. P. R. Civ. P. 56(e). The nonmoving party must produce more than a "mere scintilla" of evidence to support its claim,

2

once a properly supported motion for summary judgment has been made.

## III.   FACTS

The parties stipulated to the following facts for the purpose of summary judgment: [1]

1. The Plaintiffs currently reside and own the real property located at 1133 Landing Meadows Drive, Henderson, Kentucky 42420 (the "Property").

2. At all relevant times, the Plaintiffs have been husband and wife.

3. On April 24, 2008, the Plaintiffs executed and delivered to Fifth Third a certain Note in the face amount of $137,615.00. A true and correct copy of the Note is attached to the Stipulation of Facts as Exhibit A (the "Note").

4. On April 24, 2008, the Plaintiffs executed and delivered to Fifth Third a certain Mortgage securing the indebtedness underlying the Note. A true and correct copy of the Mortgage is attached to the Stipulation of Facts as Exhibit B (the "Mortgage").

5. The Plaintiffs signed the Mortgage on April 24, 2008 in the presence of Judy Robinson, a notary public.

6. By signing the Mortgage, the Plaintiffs granted a security interest to Fifth Third in the Property.

7. The Mortgage states on Page 3 of 15 that it encumbers the real property at "Tax Parcel ID Number: 64F34 which currently has the address of 1133 Landing Meadows Drive, Henderson, KY 42420-0000."

8. The Plaintiffs own the Property, and the legal description included in the Mortgage is the same legal description that is included in the deed by which the Plaintiffs obtained title to

---

[1] Dkt. No. 11.

3

the Property.

9. The Plaintiffs have actual knowledge of the Mortgage.

10. The Plaintiffs filed their Chapter 13 voluntary petition on March 1, 2012.

11. As of the petition date, the Plaintiffs indicated in their Statement of Financial Affairs (on Page 12 of 52 of the petition) that $136,800.00 was still owing to Fifth Third under the Note and Mortgage.

12. In Schedule A – Real Property of their petition, the Plaintiffs stated that they jointly owned the Property, estimating that it was valued at $145,000.00 as of the petition date, with the amount of $136,800.00 as a secured claim.

13. In Schedule D – Creditors Holding Secured Claims of their petition, the Plaintiffs stated that Fifth Third held a first mortgage on the Property, estimating that the Property was valued at $145,000.00 as of the petition date, that Fifth Third had a secured claim in the Property in the amount of $136,800.00 and that no portion of the claim was unsecured.

14. The Debtors listed Fifth Third on their creditor matrix filed with their petition.

15. In their proposed Chapter 13 Plan [Doc. 5] filed on March 1, 2012, the Plaintiffs identified that Fifth Third had a secured claim concerning the property in the amount of $136,800.00 and that the Plaintiffs proposed making direct payments to Fifth Third in the amount of $892.48 per month.

16. In the Order of Confirmation [Doc. 12] entered on April 13, 2012, Fifth Third was identified as having a secured claim concerning the Property and the Plaintiffs were required under the Plan to make direct payments to Fifth Third for a period of 60 months.

17. On April 27, 2012, Fifth Third timely filed its Proof of Claim [Claim 9] indicating that

4

$135,314.21 was secured by virtue of the Mortgage, no portion was unsecured, and $1,089.86 was the arrearage owed as of the petition date. To date, no party has objected to that claim.

18. On August 2, 2012, the Plaintiffs filed their Schedule of Allowed Claims [Doc. 19], which did not reference Fifth Third as an unsecured creditor for Claim 9.

19. On August 2, 2012, the Plaintiffs filed a Motion to Amend Order of Confirmation [Doc. 20] to pay the arrearage shown on Claim 9 of Fifth Third as secured in the amount of $1,089.86.

20. An Order Amending Order of Confirmation [Doc. 23] was entered on August 28, 2012, amending the Order of Confirmation to pay the arrearage shown on Claim 9 as secured in the amount of $1,089.86.

21. On August 5, 2013, Fifth Third filed a Notice of Substitution of Counsel [Doc. 48] in the Chapter 13 case.

22. Over eighteen months after the filing of the bankruptcy petition, Fifth Third recorded the Mortgage on September 10, 2013 in the records of the Henderson County Recorder in Book MT1148, at Page 832-847.

23. On October 4, 2013, the Plaintiffs filed a Motion to Amend Order of Confirmation [Doc. 54] ("Motion to Amend") to modify certain language in Section 8 of the Order of Confirmation to confer derivative standing upon the Plaintiffs to commence turnover actions under 11 U.S.C. § 542, to assert strong-arm powers under 11 U.S.C. § 544, to avoid statutory liens under 11 U.S.C. § 545, to recover preferences under 11 U.S.C. § 547, and/or to avoid fraudulent conveyances under 11 U.S.C. § 548 and in furtherance thereof to commence adversary proceedings.

5

24. Fifth Third received electronic notice of the Motion to Amend. On October 7, 2013, the Clerk of Court issued a Notice for Objections, providing interested parties twenty-one (21) days to object to the Motion to Amend. Fifth Third was sent this Notice for Objections.

25. Before that motion was ruled upon by the Court, on October 29, 2013, the Plaintiffs filed this adversary proceeding against Fifth Third.

26. On October 29, 2013, the Plaintiffs filed a Motion to Amend Order of Confirmation [Doc. 63] to announce they had filed an adversary proceeding against Fifth Third to avoid its mortgage and to increase the percentage to unsecured creditors with allowed claims.

27. Without objection, the Court granted the Motion to Amend and entered an Order Amending Order of Confirmation [Doc. 65] on October 30, 2013, amending Section 8 of the Order of Confirmation to confer derivative standing upon the Plaintiffs to commence turnover actions under 11 U.S.C. § 542, to assert strong-arm powers under 11 U.S.C. § 544, to avoid statutory liens under 11 U.S.C. § 545, to recover preferences under 11 U.S.C. § 547, and/or to avoid fraudulent conveyances under 11 U.S.C. § 548 and in furtherance thereof to commence adversary proceedings. The Order Amending Order of Confirmation specifically states: "All secured creditors shall retain the lien securing their claims <u>subject to the avoidance powers of the Debtor</u> granted herein and provided the Debtor retains possession of the collateral and unless otherwise stated." (emphasis added)

28. An Order Amending Order of Confirmation [Doc. 69] was entered on November 22, 2013, amending the Order of Confirmation to reflect that the Plaintiffs filed an adversary proceeding against Fifth Third to avoid their mortgage on October 29, 2013, bearing Adv. Proc. No. 13-4031.

29. On April 25, 2014, the Plaintiffs filed a Motion for Trustee to Pursue 11 U.S.C. § 544 Avoidance Action ("Motion to Compel").

30. At the conclusion of the hearing on the Motion to Compel, the Court entered an order denying the Motion to Compel, but did grant the Plaintiffs oral motion for derivative standing to file an avoidance action under 11 U.S.C. § 544.[2]

31. On May 19, 2014, Fifth Third filed its Motion for Summary Judgment currently before the Court in this adversary proceeding.

32. On that same date, May 19, 2014, Fifth Third filed a Motion to Vacate Orders Amending Order of Confirmation [Docs 65 and 69] and Memorandum in Opposition to Motion for Trustee to Pursue 11 U.S.C. § 544 Avoidance Action [Doc 84] ("Motion to Vacate"). In the motion, Fifth Third made several substantive arguments that were mirrored in its summary judgment motion that had just been filed.

33. On May 23, 2014, the Plaintiffs filed their Motion for Summary Judgment.

34. At the hearing on the Motion to Vacate, Fifth Third could provide no sufficient reason why it had failed to object to the Motion to Amend. Consequently, the Court entered an order denying the Motion to Vacate, but holding that the substantive issues raised in the Motion to Vacate would be addressed in this adversary proceeding.

**IV.    LEGAL DISCUSSION**

Under 11 U.S.C. § 544, a trustee has the status of a bona fide purchaser of real property, and if a hypothetical bona fide purchaser can avoid a mortgage, the trustee can also avoid it. The

---

[2] The necessity of this motion is somewhat in doubt in light of the fact that the Plaintiffs had already been granted derivative standing in the Order Amending Order of Confirmation entered October 30, 2013.

Plaintiffs in the instant case seek to avoid the Mortgage pursuant to § 544 because Fifth Third failed to record the Mortgage prior to the date of the filing of the bankruptcy case, and therefore did not provide the trustee, a hypothetical bona fide purchaser, with notice.

Fifth Third now moves for summary judgment raising several arguments. One of the arguments raised by Fifth Third in its summary judgment motion is a challenge to the Plaintiffs' standing. Fifth Third also makes the argument that the binding effect of confirmation, as provided in 11 U.S.C. § 1327, and *res judicata* bar this action by the Plaintiffs. Fifth Third points out that in the Statement of Financial Affairs, the sworn schedules, the proposed plan, the Plaintiffs acknowledged that Fifth Third possessed a secured claim. Additionally, the Confirmation Order entered on April 13, 2012, identified Fifth Third as having a secured claim concerning the Property. Fifth Third filed a proof of claim indicating that its claim was secured by virtue of the Mortgage, with no portion unsecured. No objection was ever made to that claim, and certainly no objection prior to the entry of the Confirmation Order. The Schedule of Allowed Claims filed by the Plaintiffs did not reference Fifth Third as an unsecured creditor. Finally, two separate modifications filed by the Plaintiffs both included language stating that Fifth Third possessed a secured claim. Fifth Third argues that §1327(a), which provides in part that "provisions of a confirmed plan bind the debtor and each creditor" prevent the Plaintiffs from now challenging its secured status. Moreover, Fifth Third contends that a post-confirmation modification seeking reclassification of Fifth Third's claim from secured to unsecured is legally unavailable under § 1329(a).

The Plaintiffs have filed their own motion for summary judgment. The Plaintiffs start by noting that the Mortgage was not recorded on the date of the filing of the bankruptcy petition. Plaintiffs try to distinguish the numerous cases holding that secured claims may not be reclassified

post confirmation by arguing that in those cases, the secured claims were properly perfected. Plaintiffs also argue that the cases dealing with reclassification concerned the reclassification of claims secured by automobiles, while this case concerns real property.

The Plaintiffs also take issue with the proof of claim filed by Fifth Third. They state that Fifth Third should not have filed a proof of claim indicating that its claim was secured if it had not properly perfected the Mortgage. Moreover, while not challenging the timeliness of the proof of claim, the Plaintiffs point out that the proof of claim was filed after the case had been confirmed. The Plaintiffs contend that they did not learn of the unrecorded mortgage until sometime after the proposed plan had been confirmed. Finally, the Plaintiffs argue that confirmation does not insulate Fifth Third's proof of claim from attack after confirmation.

The Court will first start with the threshold issue of standing. In its summary judgment motion, Fifth Third challenges the Plaintiffs' standing to bring this avoidance action. Section 544(a) provides that "the trustee" may avoid any transfer of property under that section of the Bankruptcy Code. 11 U.S.C. § 544(a). There is no specific section of the Bankruptcy Code that authorizes a debtor to prosecute an action under § 544.

This Court recently addressed Chapter 13 debtors' standing to bring avoidance actions in In re Smith, 2014 WL 1404722 (Bankr. W.D. Ky. 2014). In that case, the Court acknowledged the line of cases holding that Chapter 13 debtors may not use the trustee's avoidance powers. Id. at 3. Nevertheless, the Court went on to adopt the view that, upon proper motion, the Court would confer derivative standing Chapter 13 debtors to utilize the trustee's avoidance powers. Id.

In this case, this issue is somewhat academic in that the Plaintiffs have already been granted derivative standing, twice. In both the October 30, 2013 Order Amending the Order of Confirmation

9

and in the order granting the oral motion for derivative standing, the Court bestowed derivative standing upon the Plaintiffs to assert the Chapter 13 Trustee's avoidance powers. In this case, the Plaintiffs' modified plan expressly addressed the Plaintiffs' standing to bring this adversary proceeding. Fifth Third was noticed with the motion and had the opportunity to object to the language contained in Section 8 of the Plaintiffs' modified plan. By electing not to object to this language within the time provided, Fifth Third may not now object to the provisions of the modified plan.

While it is true that adding such a provision through a motion to amend the order of confirmation may have been improper, the fact remains that the motion was made, Fifth Third was noticed with the motion, and, without objection, the Court approved the Motion to Amend. Fifth Third was provided due process. The Supreme Court dealt with the issue of improper Chapter 13 plan provisions in <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). <u>Espinosa</u> addressed a factual scenario in which a Chapter 13 debtor proposed a plan which provided that only the principal of the debtor's student loans would be repaid. The debtor did not initiate an adversary proceeding to determine the dischargeability of the student loans. The plan was sent to all creditors. No creditor objected to the plan and the plan was confirmed with no appeal made on the order confirming the plan. After confirmation, the creditor who made the student loans challenged the confirmed plan under Fed.R.Civ.P. 60(b)(4) on the basis that the confirmation order was void because the creditor did not receive actual notice of the proposed treatment of the student loan and this lack of notice violated the creditor's due process rights.

The Supreme Court observed that the creditor was owed an adversary proceeding to determine the dischargeability of a student loan and could have timely objected to the provisions of

10

the proposed plan and appealed an adverse ruling on its objection. Espinosa, 130 S.Ct. at 1378–79. The creditor did neither. Id. The Supreme Court held that the plan's deficiencies "did not amount to a violation of [the creditor's] constitutional right to due process." Id. Since actual notice of an adversary proceeding through summons and complaint was not required, the Supreme Court held that the fact that the creditor received actual notice of the filing of the debtor's petition and a copy of the plan "more than satisfied [the creditor's] due process rights." Id.

Here, the Plaintiffs provided Fifth Third with notice of the Motion to Amend. Fifth Third was provided sufficient opportunity to object to that motion. It failed to object, and the Court granted the Motion to Amend. Like the plan provision in Espinosa, the Plaintiffs' modified plan in this case did not violate the due process rights of Fifth Third. Instead, the modified plan purports only to address the question of whether the Chapter 13 Trustee or the Debtor will have standing to bring such adversary proceeding. The due process rights of Fifth Third were not violated by the inclusion of this provision in the Plaintiffs' modified plan. Therefore this Court holds that Espinosa controls on the issue of adequacy of notice for purposes of standing.

The Court now turns to the merits of the § 544 action. Section 544(a)(3) provides as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—...
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

In the Stipulated Facts, Fifth Third admitted that its mortgage was unrecorded as of the petition date. In Kentucky, a bona fide purchaser of real property is put on constructive notice of a prior interest in the property by the presence of a properly recorded deed or mortgage. Ky.Rev.Stat. § 382.270. When the Plaintiffs filed their bankruptcy petition, the applicable notice statute provided as follows:

> No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be lodged for record and, thus, valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law.

Ky.Rev.Stat. § 382.270 (1962). Here, the mortgage here was not "lodged for record" as required by the statute. There is no genuine issue of fact in this case as to any of the elements of § 544(a)(3). Each of them are present. Therefore, unless one or more of the affirmative defenses raised by Fifth Third is applicable, the Plaintiffs are entitled to judgment on their complaint under § 544 of the Bankruptcy Code.

The Court now turns to Fifth Third's primary argument. Fifth Third argues that the Plaintiffs are precluded from avoiding the Mortgage by arguing Fifth Third's claim is unsecured given the *res judicata* effect of their confirmed plan. Fifth Third cites 11 U.S.C. § 1327(a) which provides that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." See Ford Motor Credit Co. v. Parmenter (In re Parmenter), 527 F.3d 606, 609 (6th Cir. 2008) (comparing plan terms to a contract to which *res judicata* applies once ratified by the court); United States v. Shultz (In re Shultz), 347 B.R. 115, 2006 WL 1407466, *3 (B.A.P. 6th Cir. 2006) (table opinion) (order confirming plan is *res judicata* as to all justiciable

issues which were or could have been decided at the confirmation hearing).

The Court agrees that § 1327(a) binds the Plaintiffs, as well as the creditors, to the terms of the Plaintiffs' confirmed plan. Where Fifth Third errs, is that it fails to consider the effect of the modification of the plan. If a confirmed plan is modified, the modification is effective unless the Court disapproved the modification. 11 U.S.C. § 1329(b)(2). Thus, if a motion to modify a confirmed plan is filed, noticed for objection, and no objections are received, the modification is effective as the plan. In re Hood, 211 B.R. 334, 335 (Bankr. W.D. Ark.1997). Section 1327(a) also binds debtors and creditors to the provisions of a modified plan.

In this case, the modified plan specifically stated in Section 8: "All secured creditors shall retain the lien securing their claims subject to the avoidance powers of the Debtor granted herein and provided the Debtor retains possession of the collateral and unless otherwise stated." (emphasis added). This adversary is not inconsistent or incompatible with the terms of the amended plan. Indeed, the filing of this adversary proceeding was explicitly contemplated by and disclosed in the Plaintiffs' Motion to Amend and the Order Amending Order of Confirmation. Section 1327(a) does not preclude the Plaintiffs from bringing this action.

Fifth Third goes on to argue that post-confirmation modification and reclassification is not "legally available" under § 1329(a). This is a valid point and an objection to the language in the Plaintiffs' Motion to Amend may have been well considered. However, Fifth Third made no objection. By electing not to object to this language, the Defendant is bound to it by § 1327(a) and the Espinosa case mentioned above. Simply speaking this is not a § 1329(a) modification case, but rather a § 1327(a) case. The time to dispute the Plaintiffs' modification was back in October, 2013.

The Court also rejects Fifth Third's general *res judicata* argument. In a case with facts

strikingly similar to the facts to this case, in In re Hearn, 337 B.R. 603 (Bankr. E.D. Mich. 2006), the bankruptcy court also dealt with the issue of a modification allowing the debtors to pursue § 544 avoidance action. In addition to finding that the debtors possessed standing via the approved modification and rejecting the creditors § 1327 argument, that court also addressed the general *res judicata* argument. There, like here, the creditor argued that the confirmed plan was *res judicata* as to the issue of its secured status. The court recited the four elements for *res judicata*, or claim preclusion:

> (1) a final decision on the merits by a court of competent jurisdiction;
> (2) a subsequent action between the same parties or their "privies";
> (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and
> (4) an identity of the causes of action.

Id. at 611, citing Official Committee of Unsecured Creditors v. Callahan ( In re Crowley, Milner & Co.), 299 B.R. 830, 844 (Bankr. E.D. Mich. 2003). The bankruptcy Court then held that three of the elements were arguably present (1, 2, and 4). As for the other element, the Court held:

> [The] entitlement of the Debtor to relief under § 544 to avoid the mortgage lien of the Defendant was specifically not litigated in the Chapter 13 modified plan filed by the Debtor. That element is simply not present. There was no adjudication of the rights of the Debtor to avoid the Defendant's lien in the modified plan. Instead, the Debtor's modified plan expressly dealt with this issue by providing that this issue would be litigated in an adversary proceeding brought under § 544. Rather than trying to sidestep the Defendant's due process rights to defend an adversary proceeding brought under § 544, the Debtor's modified plan specifically provided that the Debtor would seek such relief if at all in an adversary proceeding brought under § 544. Therefore, the third element necessary for *res judicata* is not present.

Id.

The bankruptcy court also relied upon the case of Browning v. Levy, 283 F.3d 761 (6th Cir. 2002), wherein the Sixth Circuit Court of Appeals also addressed the *res judicata* issue, albeit in the

Chapter 11 context. The Circuit held that while confirmation of a plan of reorganization is binding upon the parties and that *res judicata* bars relitigation of decided issues, this is not an absolute rule. Id. at 774–75. Specifically, the *res judicata* effects of a confirmation order may be avoided where the plan of reorganization expressly reserves the right to litigate certain claims. Id. at 611-612 quoting Official Committee of Unsecured Creditors v. Callahan ( In re Crowley, Milner & Co.), 299 B.R. 830, 846 (Bankr. E.D. Mich. 2003).

In the Hearn case, the cause of action for avoidance of a lien under a specific section of the Bankruptcy Code was expressly reserved by the debtor and pertained specifically to the avoidance of a lien under § 544. The reservation was specific enough to put all parties on notice that this claim might be brought. As such, the exception to the *res judicata* principle applied.

This Court can see no flaw in this analysis. Like in the Hearn case, the Plaintiffs' reservation of rights in the Motion to Amend was specific and expressly notified all parties, including Fifth Third, that the Plaintiffs could bring this action. As stated above, there is no due process problem here.

**V.     CONCLUSION**

This appears to be a case of error upon error. Each side in this dispute has made several errors which the Court has tried to unravel. The Plaintiffs erred in their Schedules, their proposed plan, and in at least two modifications. Fifth Third failed to properly record its mortgage, and it failed to object to the Plaintiffs' Motion to Amend. If either side had caught these errors in a timely fashion, we would not be at this point. However, as it stands now, § 1327(a) controls this case, and Fifth Third is bound by § 1327(a) to the terms of the plan as amended. Consequently, the Plaintiffs were granted standing to pursue this § 544 action and Fifth Third's otherwise secured claim was now

subject to lien avoidance under § 544. With respect to that § 544 action, the Court also finds that all of the elements of § 544(a)(3) are present in this case such that the Plaintiffs are entitled to a judgment that avoids Fifth Third's mortgage lien. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: July 15, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PATRICK BRADLEY HAZELWOOD | ) | |
| SANDI JO HAZELWOOD | ) | CASE NO. 12-40303 |
| | ) | |
| DEBTORS | ) | CHAPTER 13 |
| | ) | |
| PATRICK BRADLEY HAZELWOOD | ) | |
| SANDI JO HAZELWOOD | ) | |
| | ) | |
| PLAINTIFFS | ) | A.P. NO. 13-4031 |
| VS. | ) | |
| | ) | |
| FIFTH THIRD BANK | ) | |
| | ) | |
| DEFENDANT | ) | |

**JUDGMENT**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** that Fifth Third's Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion for Summary Judgment is **GRANTED**.

**IT IS HEREBY ORDERED** that the lien of Fifth Third Bank in the following described property, 1133 Landing Meadows Drive, Henderson, KY 42420-0000, is **AVOIDED**. The County Court Clerk shall make a notation indicating that the lien in Lien/Encumbrance Book MT1148, Page 832-847, has been released by this Court Order of the United States Bankruptcy Court for the Western District of Kentucky.

Alan C. Stout
United States Bankruptcy Judge

Dated: July 15, 2014